**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

```
*******************************************
In re:                                     *
                                           *
Beeload Limited                            *  Chapter   11
                                           *  Case No.   06-20074
                                           *
       Debtor                              *
*******************************************
Beeload Limited                            *
                                           *
                                           *  Adversary No.  06-2081
       Plaintiff                           *
                                           *
v.                                         *
                                           *
BBC Worldwide LTD.                         *
                                           *
                                           *
       Defendant                           *
*******************************************
```

**ORDER**

     Before me is Beeload's motion to strike portions of the trial testimony of BBCW's expert witness, David Altschul.[1] More particularly, Beeload seeks to strike Mr. Altschul's testimony relating to "windowing" issues that would have precluded or retarded release of "albums" (i.e., compact audio discs) composed of BBC (rock and pop) archive recordings for specific artists, other than the Beatles, during the term of the Archangel Agreement. In addition, Beeload seeks to strike that portion of Mr. Altschul's testimony that purportedly opined regarding the "total number" of archive recordings that could be released during the term of the Archangel Agreement.

     I have determined that a hearing and oral argument on the motion are unnecessary.

     To begin, as represented in BBCW's opposition to the motion, Mr. Altschul did not

---

    [1] Mr. Altschul's testimony was heard at the recent bench trial, subject to Beeload's right to ask that it be stricken.

testify as to the total number of albums that could have been released during the Archangel Agreement's term.  Rather, he opined that the number suggested by Beeload's expert (40) was unrealistic.  Given that BBCW does not rely on any testimony that might seek to establish an alternate number, the motion to strike is unnecessary on this point and will be denied.

With regard to Beeload's efforts to strike Mr. Altschul's artist-by-artist "windowing" testimony, the motion fails also.  The expert designation procedures adopted and agreed to the parties in this action removed from state court are those provided for under the Maine rules.  M.R. Civ.P. 26(b)(4); see also Plaintiff's Exh. 1; Defendant's Exh. B.  I am satisfied that BBCW's original designation fairly identified the matters on which Mr. Altschul might testify; that Beeload was on notice regarding the general substance of his testimony; that Beeload was not misled regarding the scope of his testimony; and that, through disclosure of exhibits relating to Mr. Altschul's testimony weeks before he testified, Beeload had adequate opportunity to prepare for cross-examination and/or to prepare its experts to meet that testimony.  See Bray v. Grindle, 802 A.2d 1004, 1007 (Me. 2002) (finding no requirement to exclude the testimony of a witness not formally designated as an expert because the defendant was not "unfairly surprised");  Dirago v. Cornish, No. Civ.A. CV-02-010, 2003 WL 23162893, at *3 (Me.Super. Dec. 23, 2003) (permitting expert testimony that "naturally follows the designation and should [not] surprise the defendants"). Moreover, as the evidence developed at trial, it was apparent that, although Beeload complained about Mr. Altschul's testimony *as he was called to the stand*, Beeload was not prejudiced meaningfully by its presentation.

Largely at the parties' behest, this adversary proceeding went to trial quickly after the matter was removed from state court.  Only with diligence and efficiency could (and did) the parties prepare and effectively present their cases. The Altschul testimony was disclosed and presented fairly and consistently within the manner the case was tried by both parties.  There is no ground to exclude it.

Beeload's motion to strike is, therefore, DENIED.

| | |
|---|---|
| September 14, 2007 | /s/ James B. Haines, Jr. |
| Date | James B. Haines, Jr.<br>U.S. Bankruptcy Judge |